### H. HARE v. THE STATE.

No. 2645.  Decided October 15, 1913.

**Carrying Pistol—Own Premises—Place of Business.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that the defendant was cutting timber on a certain allotment of land under his control, he had the right to carry a pistol thereon, and to do so in going from one allotment to another; besides, the evidence also showed that the pistol did not belong to him, but to another for whom he was carrying it from his camp to said allotment.

Appeal from the County Court of Liberty.  Tried below before the Hon. I. B. Simmons.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*H. S. Lilley,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction was for carrying a pistol in violation of the law.

The evidence shows substantially that appellant was working for a company and employed to cut timber; that they had certain allotments of land definitely marked on which the different hands were to cut this timber, and the hands worked in pairs or partners. A certain amount of this timbered land was marked out and defined and these partners cut the timber together, and no other hands were permitted to cut timber on that allotment. Appellant's camp or the camp of himself and partner was something like two miles from where they were cutting timber. They had gone over to their place of work, and as we gather from the record appellant and his partner were going from one allotment of land on which they had finished cutting timber to another which had been awarded them by the man in charge of the company's work. While going down what they called the right of way in the direction of his new allotment of land a witness in the case named Bass accosted appellant's partner, who was with him, which resulted in a difficulty between Bass and appellant's partner, a man named Renfro. Bass obtained an axe and Renfro went to appellant and got a pistol from him with which he fired several shots at Bass, one or more of them striking him.

The State's contention is that when the trouble came up between Bass and Renfro, that Renfro got the pistol from appellant's jumper, and used it. The defendant's testimony on this particular phase of the case is that he did not have the pistol on his person, but that it was in a sack which he was carrying. He also testified that Renfro had carried this pistol in his, Renfro's, sack from his tent because he was afraid it would be stolen, as they had missed several things from their tent during their absence when at work. That when moving from one allotment of land over to the other at Renfro's request he carried this particular sack which contained the pistol, and Renfro carried one of his, appellant's, sacks. This is a sufficient statement of the facts.

Appellant's contention is that as the cutting of timber on these particular allotments was his place of business, under any view of the law he had a right to have a pistol at his place of business, and that had he carried the pistol from his camp to the place where he was seen with it, it would not be a violation of the law. This is presented from the State's viewpoint of the evidence. Appellant further contends he did not carry the pistol and did not own the pistol, and that it was an accidental matter; that he had it in his possession by reason of the fact he was carrying Renfro's sack. We are of opinion that under no view of this testimony ought appellant to have been convicted. If it was his pistol and not Renfro's, he had a right to carry it from his tent to the place he was at work; and he had a right to carry it from one allotment of land he had finished cutting timber on to another allotment, with

other matters that he was carrying. There is no evidence that he ever carried a pistol before, and the evidence does not show that the pistol belonged to him but that it belonged to Renfro. His testimony on this phase of the case seems not to have been controverted. The State relied upon the fact that when the difficulty came up between Renfro and Bass, Renfro went to appellant and got the pistol from him, and that this constituted appellant a violator of the law. As before stated, if appellant was going from one place of business to another to begin work at a new place of allotment, he had a right to carry the pistol to that place. That was his place of business, and he had a right to have the pistol on the land. Under any view of this case we do not believe the State has made out a case which entitles it to a verdict.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*